IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID LEVERT TIMMONS ) | |
| ) | |
|     Movant, ) | |
| ) | |
| vs. ) | CRIM. ACTION NO. 02-0047-CG-D |
| ) | |
| UNITED STATES OF AMERICA. ) | |

**ORDER**

This cause is before the court on the Report and Recommendation of the Magistrate Judge (Doc. 81) and the petitioner's responses and/or objections thereto (Docs. 84, 86, 93, 96). The Magistrate Judge recommended that the petitioner's § 2255 petition be denied. (Doc. 81). Upon a de novo review of those portions of the Report and Recommendation to which objection is made, the court agrees with the findings of the Magistrate Judge and finds that the petition is due to be denied.

Petitioner proffers the following four grounds upon which he predicates his motion to vacate or set aside his conviction and sentence: (1) ineffective assistance of counsel during plea negotiations when counsel failed to conduct an adequate pre-trial investigation; (2) ineffective assistance of counsel during plea negotiations; (3) ineffective assistance of counsel when counsel failed to file a motion to suppress in a timely fashion; and (4) ineffective assistance of counsel regarding the calculation of his guidelines. (Docs. 65, 66). Petitioner's responses and objections fail to raise any issues not addressed in the Magistrate's Report and Recommendation, which denied petitioner's motion to vacate. Rather, petitioner rehashes and expands his previous arguments in connection with his ineffective assistance of counsel claims.

The standard for demonstrating ineffective assistance of counsel requires a petitioner to show that his attorney's performance was deficient and that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984).

> Under the performance prong of Strickland, the petitioner must establish that his counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. 466 U.S. at 687-89. The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense. Id. In order to establish prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The court revisits the petitioner's claims in turn, and reviews the Magistrate Judge's recommendations in accordance with the standard set forth in Strickland.

**1.   Petitioner received ineffective assistance of counsel during plea negotiations when counsel failed to conduct an adequate pre-trial investigation**

Petitioner claims that his counsel "failed to interview any relevant witnesses prior to coaxing the petitioner into accepting a plea, meaning that potential defenses to the instant charges were not examined" and that counsel "failed to properly examine the ramifications of a plea agreement." (Doc. 66 at 5). As such, petitioner maintains, counsel "basically handcuffed petitioner into accepting a plea, a plea which counsel did not know the consequences." Id. at 7. In response, the government noted that petitioner admitted guilt in his plea colloquy and has failed to "identify any possible defenses to the crime or identify any witnesses who would establish any type of defense." (Doc. 75 at 8). The Magistrate Judge concluded that petitioner's "vague and conclusory" allegations failed to show that his counsel's conduct fell below an objective standard of reasonableness or that petitioner suffered prejudice as a result of his counsel's actions. On de novo review, the court agrees with the Magistrate Judge's determination that petitioner's claim of ineffective assistance of counsel for failure to conduct an

adequate pretrial investigation is without merit.

### 2. Petitioner received ineffective assistance of counsel during plea negotiations

Petitioner argues that he "received ineffective assistance of counsel during plea negotiations when counsel induced a plea based on incorrect information regarding sentence length." (Doc. 66 at 7). Specifically, petitioner submits that "counsel led [him] to believe that based on his criminal history the most time he could receive would be 120 months, with a guideline range of 37 to 57 months." Id. at 10. According to petitioner, he "was obviously prejudiced by [counsel's] conduct, as [petitioner] received a much greater sentence than that promised to him by his attorney" and, as a result, his plea was not knowing, voluntary and intelligent. (Doc. 66; Doc. 78 at 5).

"To be valid, a guilty plea must be made voluntarily and with full knowledge of the consequences" Pardue v. Burton, 26 F.3d 1093, 1096 (11th Cir. 1994) (citing Boykin v. Alabama, 395 U.S. 238, 241-42 (1969)). There are three "core principles" that the Eleventh Circuit recognizes as requisite to a knowing and voluntary guilty plea: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999) (quoting United States v. Jones, 143 F.3d 1417, 1418-19 (11th Cir. 1998) (per curiam) (citation and internal quotations omitted)). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley v. United States, 523 U.S. 614, 621 (1998) (quoting Mabry v. Johnson, 467 U.S. 504, 508 (1984)). Moreover, "if a defendant understands the charges levied against him, understands the consequences of the guilty plea and voluntarily chooses to plead without being coerced to do so, the guilty plea will

be upheld on habeas corpus review." (Doc. 81 at 14-15); see Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991).

Petitioner contends that he endured prejudice as a result of his reliance upon his attorney's representation as to an inaccurate sentencing range. (Doc. 66 at 10). Concerning this allegation, the Magistrate Judge found:

> While it is true that the original plea was based on an inaccurate sentencing range, any misconception petitioner may have harbored regarding possible length of his sentence was rectified prior to petitioner's second guilty plea and subsequent sentence. As noted herein, petitioner was allowed to withdraw his first guilty plea after it was determined through the PSR that petitioner qualified for sentencing as an armed career felon. (Transcript, Vol. 3)[.] Thereafter the case was set for trial and on the day of the jury selection petitioner entered into a second plea agreement with the government with full knowledge that he would be sentenced to a fifteen (15) year minimum mandatory term of imprisonment. At the second guilty plea hearing, the court again advised defendant there was a minimum mandatory of fifteen (15) years up to life imprisonment, a $250,000 fine and SRT of 5 years. (Transcript, Vol. 4, p. 6)[.] Petitioner stated under oath that he was not coerced or induced into entering into the plea agreement, that he entered into the agreement of his own free will, that he understood the charges against him and the consequences of his plea. (Id. at 5)[.]

(Doc. 81 at 15).

This court agrees with the Magistrate Judge that petitioner's statements at the second guilty plea hearing constitute "a formidable barrier in any subsequent collateral proceedings." Id. (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984)). Petitioner's statements in the record indicate that he entered into his plea voluntarily and knowingly. "Petitioner cannot now claim that he was misled by prior contradictory statements allegedly made by counsel or contained in the first plea agreement." (Doc. 81 at 16); see United States v. Bjorkman, 270 F.3d 482, 502-03 (7th Cir. 2001) (having been informed of correct sentencing parameters by the court precluded petitioner from contending that he pled guilty on counsel's alleged alternative characterization of sentencing

4

possibilities). Therefore, the court adopts the Magistrate Judge's conclusion that petitioner's contention that he received ineffective assistance of counsel during plea negotiations is unavailing.

> 3. **Petitioner received ineffective assistance of counsel when counsel failed to file a motion to suppress in a timely fashion**

Petitioner claims that he received ineffective assistance of counsel because of his lawyer's failure to timely file a motion to suppress evidence obtained by law enforcement officers during petitioner's arrest. (Doc. 66 at 11). First, the Magistrate Judge cited petitioner's "gross mis-characterization of counsel's comments to the court." Specifically, the Magistrate ascertained that "the record reflects that [petitioner's] trial counsel engaged in a thorough investigation regarding the merits of a motion to suppress." (Doc. 81 at 18). "There is a strong presumption that trial counsel's conduct is the result of trial strategy, and 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" Strickland, 466 U.S. at 690. In view of the "history of the case," the Magistrate Judge found that "[c]ounsel's failure to file the motion in a timely manner was not objectively unreasonable." (Doc. 81 at 20).

The Magistrate Judge also concluded that "the petitioner has failed to demonstrate that the motion to suppress was meritorious such that petitioner suffered prejudice from his counsel's failure to file the motion to suppress in a timely manner." (Doc. 81 at 20-21). The factual proffer for the offense provided that the officers conducted a search because they expressed concern that petitioner presented a safety risk. (Doc. 60 at 4). Moreover, petitioner admitted that he knowingly possessed a 12-gauge shotgun and a .22 caliber rifle, both of which were seized in petitioner's bedroom around the time of his arrest. (Id.). Based upon these facts, the court

agrees with the Magistrate's recommendation.  Accordingly, petitioner's claim must fail.

To the extent that the petitioner again argues that the 12-gauge shotgun, and the .22 caliber rifle seized in petitioner's bedroom should have been suppressed (Doc. 78 at 3-4), the Eleventh Circuit Court of Appeals held, in part, that "[t]he failure to file a timely motion [to suppress] waives the objection absent a showing of good cause." (Doc. 60 at 6).  Moreover, "a defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." See Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (quoting Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. Unit B 1981).  That said, the petitioner is neither entitled to an evidentiary hearing nor may he advance any merits-based arguments regarding the suppression of the weapons.[1]  (Doc. 86 at 8).

---

[1] Petitioner is also, therefore, precluded from challenging the presentence investigation report. (Doc. 93 at 11-12).  Likewise, any arguments concerning the indictment are barred.  Specifically, in response to petitioner's argument that the "indictment failed to charge the offense for which the petitioner was convicted," (Doc. 93 at 4):

> "In Almendarez-Torres v. United States, the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir.), cert. denied, 125 S. Ct. 637 (2004). Neither Apprendi v. New Jersey, 530 U.S. 466, 489-90, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000) (holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), Blakely v. Washington, 542 U.S. 296,  , 124 S. Ct. 2531, 2537-38, 159 L. Ed. 2d 403 (2004) (holding that the imposition of a sentencing enhancement under the state of Washington's mandatory guidelines system based on facts neither admitted by the defendant nor found by the jury violated the defendant's Sixth Amendment right to a jury trial), nor Booker, 543 U.S. at  , 125 S. Ct. at 755-56 (extending Blakely to the Federal Sentencing Guidelines), disturbed the Almendarez-Torres holding.

United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir. 2005). Finally, petitioner unsuccessfully attempts to frame a challenge to his sentence as a jurisdictional challenge.  (Doc.

### 4. Petitioner received ineffective assistance of counsel regarding the calculation of his guidelines.

Petitioner avers that the court applied an incorrect base offense level to calculate his sentence because he did not have the requisite two prior felony convictions. (Doc. 60). In particular, petitioner suggests that his three prior third degree burglary convictions were not violent crimes, and that at the time of his prior convictions, he didn't know he was pleading guilty to the circumstances surrounding those crimes. (Doc. 71 at 2-3). According to petitioner, "minus the burglaries used to enhance [p]etitioner's sentence . . . the appropriate sentence . . . would be 3 to 78 months." (Doc. 70 at 7).[2]

Before addressing petitioner's claim under the rubric of the ineffective assistance of counsel standard, the court notes that "[o]nly in limited instances may a petitioner collaterally attack his prior convictions." (Doc. 81 at 22) (citing Custis v. United States, 511 U.S. 485, 496 (1994)). To the extent that petitioner advances a collateral attack upon his prior convictions, the Magistrate stated:

> In Custis, the United States Supreme Court held that with the exception of a defendant who has been denied counsel under the Sixth Amendment, there is no authority allowing a defendant to collaterally attack a prior conviction for purposes of avoiding § 924(e).

---

96 at 30). Petitioner's attempt to circumvent the waiver of "all nonjurisdictional challenges" by arguing that the "court lacked jurisdiction to impose the illegal sentence" is unavailing. Id.

[2] The Magistrate noted that:

This claim is contained in petitioner's pleading entitled "Motion to Amend Petitioners Original 28 U.S.C. § 2255 Motion Pursuant to Petitioner Claim of Ineffective Assistance of Counsel in Support of Claim (I) Part (A) Failure to Investigate" (Doc. 70), however in the body of the pleading petitioner argues that the "probation officer erred when applying his prior burglary convictions for armcareer [sic] purposes. . . ." (Id.).

The court agrees with the Magistrate's characterization of the claim as one of ineffective assistance of counsel. (Doc. 81 at 21).

> Petitioner does not allege, and there is nothing in the record to indicate, that petitioner was not represented during his prior pleas.

(Doc. 81 at 22) (citation omitted).  It follows that the petitioner may not collaterally attack his prior convictions.

Petitioner's ineffective assistance of counsel claim on this point is also without merit. Petitioner's counsel did object to the status of career offender in connection with the mandatory fifteen (15) year penalty, but the court denied the objection.  (Tr. Vol.5, at 2-3); (Doc. 49 at 1). In addition, the record reveals that petitioner had three prior violent felony convictions pursuant to 18 U.S.C. § 924(e), which mandated sentencing as a armed career felon.  (Doc. 49 at 2).  It follows that  petitioner did not demonstrate that his counsel's conduct was objectively unreasonable or that petitioner suffered any resulting prejudice.  As such, the court concurs with the Magistrate's recommendation.

## CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a <u>de novo</u> review of the Report and Recommendation, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. §636(b)(1)(B) is **ADOPTED** as the opinion of this court.  It is **ORDERED** that the §2255 petition is hereby **DENIED.**

**DONE and ORDERED** this 29th day of June, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE